IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| T.W., a minor child by and through his mother and guardian HOLLIE WARNER,<br><br>Plaintiff,<br><br>vs.<br><br>RECREATIONAL EQUIPTMENT, INC a Foreign Entity doing business as REI; SOTO USA, INC., a Foreign Entity; SHIN FUJI BURNER COMPANY LIMITED, A Foreign Business Entity, and JOHN DOES I-IV,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Case No.: 2:17-cv-00991-HCN-CMR<br><br>District Judge Howard C. Nielson<br><br>Magistrate Judge Cecilia M. Romero |

Plaintiff Hollie Warner, as mother and guardian of minor child T.W. ("Plaintiff") seeks Leave to File an Amended Complaint. ECF 34. Plaintiff seeks to amend the original complaint to clarify "the products liability claims and negligence claims against Defendants based on information learned during discovery" and to add a claim for "negligent failure to provide post-sale warnings" and a claim for loss of consortium. ECF 34 at 3. Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings by leave of the Court, "and leave shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Relevant here also is the fact that Defendants have not filed any opposition to Plaintiff's motion, and the time to do so has passed. DUCivR 7-1(b)(3)(B). "Failure to respond timely to a motion, other than for summary judgment, may result in the court's granting the motion without further notice." DUCivR 7-1(d). The court will therefore grant the motion to amend.

However, the court reiterates its concern over the age of the case given that the scheduling order has now been amended three times.  *See* ECF 20.  Plaintiff has expressed the parties' intention to amend the scheduling order a fourth time "in an attempt to engage in mediation prior to the expiration of fact discovery."  ECF 34 at 8 n.1.  Plaintiff's motion incorrectly lists the fact discovery deadline as July 31, 2019.  ECF 34 at 6, 8.  The current scheduling order reflects that the fact discovery deadline is in fact two months later on September 30, 2019.  ECF 30 at 2.  Accordingly, the parties have sufficient time to engage in a mediation and to complete any remaining fact discovery prior to the current deadline, and the court will not entertain a motion to amend the scheduling order on this basis.  Within 30 days of this order, the parties are to inform the court of the status of the mediation, including the scheduled date of the mediation if it has not been completed by that date.

Plaintiff's Motion to Amend is **HEREBY GRANTED**.  ECF 34.

DATED this 11 July 2019.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah